## HOWARD COON *vs.* WILLIAM H. ALLEN.

Suffolk.    January 22, 1892. — February 27, 1892.

Present: FIELD, C. J., ALLEN, KNOWLTON, MORTON, & LATHROP, JJ.

*Submission to Arbitration — Award — Revocation.*

It is too late for a party to a submission to arbitration to revoke it after receiving notice that the award is made.

CONTRACT, upon an award of referees, under a written agreement to submit to them the settlement of matters in dispute. Hearing in the Superior Court, before *Mason*, C. J., who ruled that the plaintiff was entitled to recover the amount of the award, and interest thereon; and the defendant alleged exceptions.    The facts appear in the opinion.

*E. B. Hagar*, for the defendant.

*H. R. Bailey*, for the plaintiff, was not called upon.

ALLEN, J.    It is too late for a party to a submission to arbitration to revoke it after receiving notice that the award is made. *Macarthur* v. *Campbell*, 5 B. & Ad. 518.    *Musselbrook* v. *Dunkin*, 9 Bing. 605.    *Brooke* v. *Mitchell*, 6 M. & W. 473.    Russell, Awards, (5th ed.) 236, 243, 244, 651.    *Knowlton* v. *Homer*, 30 Maine, 552.    The evidence was satisfactory to show that, at the time when the defendant gave notice of withdrawing from the submission, the arbitrators had fully performed their office and signed their award and delivered it to one of their own number as a completed document.    One of them also testified that he was under the impression that he had informed the defendant that an award had been made; an impression which the other evidence renders quite probable.    A further inference that the defendant was told in substance the result of the award, would be by no means unfounded.    A ruling that upon all the evidence the plaintiff was not entitled to recover was rightly refused.

*Exceptions overruled.*