JOHN W. IVINS, PROSECUTOR, v. GEORGE G. IVINS AND ANNIE M. MILLWARD.

Submitted November 9, 1908—Decided February 23, 1909.

1. A submission to arbitration cannot be revoked after the award of the arbitrators has been prepared and signed by them and the parties have been notified that it is ready for delivery upon payment of the fees and expenses of the arbitrators, even although the award be not sealed as required by the terms of the submission.

2. When an award required by the submission to be sealed has been filed in court without seals, it is not improper for the court to permit seals to be afterwards affixed.

On *certiorari*.

Before Justices GARRISON, PARKER and VOORHEES.

For the prosecutor, *James Steen*.

For the defendant, *John S. Applegate & Son*.

The opinion of the court was delivered by

PARKER, J.   On September 13th, 1907, the parties entered into an arbitration agreement, providing among other things that the submission to arbitration might be made a rule of court in the Monmouth Pleas upon the motion of any of the parties thereto, and when so entered should be binding as a judgment of said court.   It was also provided that the award should be under the seals of the three arbitrators or a majority of them.   The submission, the award, and the court proceedings are brought up by the present writ of *certiorari*, and the question for decision is the validity of the award, especially as affected by a notice of revocation given by the prosecutor; and for the determination of this question the various steps in the proceedings and their respective dates are material.   It is conceded that the arbitrators duly qualified and entered on the discharge of their duties.

On December 24th, 1907, the arbitrators had completed their hearing, their award was prepared and ready for signature, and the parties were so notified and advised that it would be signed on payment of the compensation and expenses of the arbitrators as stipulated in the submission.

On December 30th, the arbitrators met and signed the award, omitting to seal it, and again notified the parties that it was ready for delivery on payment of the compensation and expenses. On January 4th, 1908, the arbitrators met the parties and again notified them of the signing of the award and demanded what was due them. The matter stood in this condition until February 3d, when prosecutor served notice of revocation of the submission. Three days later the award was delivered without payment of fees, and on February 10th was filed in the county clerk's office, prosecutor at the same time filing a caveat. Subsequently, after hearing the parties, the Court of Common Pleas, on proper proof, ordered the submission entered of record, subject to caveator's right to file exceptions. The award was still without seals, and on May 5th the court gave leave to the arbitrators to take it from the files to affix their seals thereto.

It is claimed that the award was ineffective because unsealed when filed. The authorities are fairly uniform in holding that an award, to be valid, must comply in form with the requirements of the submission. 3 *Cyc.* 669. But conceding that the award was not legally sufficient as the basis of an action unless sealed, the defect was curable by the addition of seals and was actually so cured, so that the award when finally filed was in due form. It was within the power of the court to permit this amendment, and its action in doing so was entirely proper. The fact that the submission was made a rule of court after the award was first filed, but before the seals were affixed, has no effect upon the ultimate validity of the award, for it should be noted that it is the submission and not the award which, by the authority of the statute, is made a rule of court. *Gen. Stat., p.* 69, § 1. In fact, as remarked by Chief Justice Hornblower, in *Hazen* v. *Addis,* 2 *Gr.* 333, "The statute evidently supposes that the submission is to be made a

rule of court in the terms prescribed before the award is actually made." He added, however, that this was not the practice, nor was it necessary. Looking at the matter from this standpoint, it is manifest that the question whether the award was or was not filed, or whether it was or was not complete at the time the submission was made a rule of court in this case, has no bearing upon the validity of the proceedings, for the submission might have been made a rule of court before the arbitrators had ever agreed upon their decision, even before they had met to hear the case. This being so, there was no legal or practical objection to amending the award by affixing the missing seals after it had been placed upon the files.

A more important question in the case is the effect of the notice of revocation which was served by the prosecutor. This, as we have already seen, was after the arbitrators had completed their hearing; after the award had been prepared and the parties had been notified that it was ready for signature and would be signed on payment of the fees, and after the further notice from the arbitrators that the award had actually been signed. The last notice of this kind was given on the 4th of January, and the notice of revocation did not come until nearly a month later, on February 3d.

It is urged that a revocation may be made at any time before the submission is made a rule of court. We are unable, however, to agree with this view. It is true that if the submission is made a rule of court, it cuts off the right to revoke, even although the award has not been made; but this is a very different thing from saying that the revocation will be effective at any time before the submission is made a rule of court whether the award is made or not. At common law there could be no revocation after the award is made; and this is still the rule, notwithstanding the statute providing for making the submission a rule of court. The case of *Howlett* v. *Hipson,* 19 *N. J. L. J.* 109, is cited in support of the proposition, but in that case the revocation was made pending the hearing by the arbitrators; therefore it has no bearing on the present situation.

Our conclusion on this point, therefore, is that a revocation to be effective must be not only before the submission is made a rule of court, but also before the award is published, and if either of these events precedes the revocation, it will be ineffective.

But the prosecutor claims that the revocation was made before publication of the award. His position is that the award was not published until February 6th, at which time a copy was handed to each of the parties, and as the revocation came on February 3d it deprived the award of validity. This raises the question, what is to be regarded as publication for the purpose of cutting off a revocation. In the case of *Pancoast* v. *Curtis,* 1 *Halst.* 415, it was said in the syllabus that the publication of the award is the reading and filing in court. That was a case in which referees had been appointed by the court and necessarily their report was not published until it was returned to the court which appointed them. The general rule as laid down in the cyclopædias is that an award is published as soon as the arbitrators have done some act by which they become *functi officio* and have declared their final decision and can no longer change it. 2 *Am. & Eng. Encycl. L.* (*2d ed.*) 728.

It may be argued that in a case like the present the arbitrators cannot be said to be *functi officio* until they have done everything required by the submission towards completing their award, and if their seals were omitted it was still a duty for them to perform; but it has been held by excellent authorities that after notice that an award is made, it is too late for a party to the arbitration to revoke the submission. *Coon* v. *Allen,* 156 *Mass.* 113, and cases cited. We think that if the arbitrators had made and signed the award and notified the parties that it had been made, it was too late for a revocation, notwithstanding the formal defect of want of seals.

The order of proceedings of the Monmouth Pleas brought up by the award will therefore be affirmed.